

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00129-CV

IN RE WILLIAM J. MARKS                                      RELATOR

----------

## ORIGINAL PROCEEDING

----------

## OPINION

----------

### I. INTRODUCTION

This is a habeas corpus proceeding. The primary issue before us is whether Relator William J. Marks knowingly and intelligently waived his right to counsel. Because we hold that the totality of circumstances demonstrates that Marks did waive his right to counsel, we overrule Marks's sole issue and deny his requested relief.

### II. BACKGROUND

The trial court held a hearing on Real Party in Interest's, Rebecca Blocker (RPI), Third Amended Motion for Enforcement of Child Support on March 23,

2012. At the beginning of the hearing, the following colloquy took place between the trial court and Marks:

> [Trial Court]: Mr. Marks, you are charged with contempt of this court. As such, you're entitled to be represented by an attorney and if you're too poor to afford one, a court appointed attorney will represent you. You're entitled to have a record of this hearing made by a court reporter.
>
> The contempt charge against you must be proven beyond a reasonable doubt. You have the right to remain silent and not make any statements and you may not be forced to testify in this hearing if you do not wish to do so.
>
> If the written charging instrument requests that you be imprisoned for more than six months or requests you be fined more than $500.00 you have the right to a jury trial on the contempt charge.
>
> Do you understand those rights, Mr. Marks?
>
> [Marks]: Yes, sir.
>
> [Trial Court]: Do you want to waive your right to remain silent?
>
> [Marks]: Yes, sir.
>
> [Trial Court]: All right. The Court will find that Mr. Marks has been warned of his rights under the Fifth Amendment of the United States Constitution. He has voluntarily waived his right to remain silent and has elected to testify here today.
>
> You may proceed, [RPI's attorney].

From there, the trial court conducted the contempt hearing and found that Marks violated the terms of a previous court order; namely, that Marks failed to file a certificate of completion regarding parenting classes with the clerk of the trial court by the date required under the trial court's previous order, and that

Marks failed to timely notify RPI, the trial court, or the State Disbursement Registry of his changed address. The trial court assessed punishment at 180 days' confinement in the county jail for each separate violation, with the sentences to run concurrently. This habeas followed.

## III. DISCUSSION

In his sole issue, Marks argues that the trial court's order to confine him to jail is void because he did not knowingly and voluntarily waive his right to have counsel present at the hearing. We disagree.

### A. Standard of Review

Marks's original habeas corpus proceeding in this court is a collateral attack on the contempt order. *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex. 1976) (orig. proceeding). As such, Marks may be relieved of that order only if the judgment is void. *Id.*; *Ex parte Thetford*, 369 S.W.2d 924, 925 (Tex. 1963) (orig. proceeding). When collaterally attacked in a habeas corpus proceeding, a judgment is presumed valid until the relator has discharged his burden showing otherwise. *Ex parte Occhipenti*, 796 S.W.2d 805, 808–09 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding).

### B. Family Law Contempt Proceedings and the Right to Counsel

Family law contempt proceedings are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases. *Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex. 1986) (orig. proceeding); *see also In re Luebe*, 983 S.W.2d 889, 890 (Tex. App.—Houston

[1st Dist.] 1999, orig. proceeding) ("[C]ontempt cases are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases."). The United States Constitution's Fourteenth Amendment guarantee of due process incorporates the Sixth Amendment assurance that the accused in a family law contempt proceeding has the right to counsel if contemnor is at risk of incarceration. *In re Butler*, 45 S.W.3d 268, 271 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (*citing Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir. 1983)).

To this end, the family code outlines the procedure to be followed in family law enforcement proceedings. *See* Tex. Fam. Code Ann. § 157.163 (West 2008). This statute requires the trial court to determine whether incarceration of the respondent is a possible result of the enforcement proceedings and, if it is, the trial court "shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney." *Id.* § 157.163(a), (b). If the court determines that the respondent will not be incarcerated as a result of the proceedings, the court may require a respondent who is indigent to proceed without an attorney. *Id.* § 157.163(c). Otherwise, the court shall appoint an attorney to represent the respondent if the court determines that the respondent is indigent. *Id.* § 157.163(e).

This statute requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent or not. *Ex parte Acker*, 949

S.W.2d 314, 316 (Tex. 1997) (orig. proceeding). Thus, a contemnor facing incarceration must be informed of his right to counsel and must either waive that right or be provided with court-appointed counsel. *See Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S. Ct. 2006, 2012 (1972) (holding that under Sixth Amendment, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he had or waived counsel). Section 157.163's admonishments make an alleged contemnor aware of his right to counsel when incarceration is a possible result of the proceedings. Presumably, once aware of the right to counsel, the alleged contemnor can then intelligently exercise the right or waive it. *In re Henderson*, No. 10-12-00005-CV, 2012 WL 638457, at *3 (Tex. App.—Waco Feb. 15, 2012, orig. proceeding) (mem. op).

In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the order holding relator in contempt is void. *See Ex parte Gunther*, 758 S.W.2d 226, 226–27 (Tex. 1988) (orig. proceeding) (granting petition for writ of habeas corpus relief in part because absent knowing waiver of rights, trial court was without authority to hold Gunther in contempt). An intelligent and voluntary waiver of the right to counsel occurs in a family law contempt proceeding when two events occur. First, the trial court admonishes contemnor according to section 157.163. *See* Tex. Fam. Code Ann. § 157.163; *see also Acker*, 949 S.W.2d at 316 (holding that trial court's failure to admonish contemnor of her right to counsel under 157.163 rendered subsequent contempt order void, despite the fact parties had agreed to the contempt order); *In re Pass*,

No. 02–05–00457–CV, 2006 WL 668744, *3 (Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding) (mem. op.) (holding that contemnor's answer of "[s]ure" to trial court request to proceed with contempt hearing an invalid waiver of right to counsel because trial court had not yet admonished contemnor under 157.163). Second, the contemnor must waive those rights, and that waiver must be made on the record. *In re Leon*, No. 01-04-00819-CV, 2004 WL 2306752, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2004, orig. proceeding) (mem. op.) (holding that relator had not waived his right to counsel because trial court held contempt hearing in which incarceration was a possibility but denied relator's requests to be allowed time to retain counsel); *In re Pruitt*, 6 S.W.3d 363, 365 n.3 (Tex. App.—Beaumont 1999, orig. proceeding) (holding valid waiver of right to counsel by non-indigent contemnor occurred when trial court admonished according to 157.163, inquired whether contemnor wished to continue hearing in order to obtain counsel, and contemnor elected to proceed).

In this case, the trial court admonished Marks according to family code 157.163. Specifically, the trial court informed Marks that he had the right to have counsel present and that if he could not afford one, one would be provided for him. Marks acknowledged to the trial court that he understood these rights. The trial court also went beyond the mandates of family code section 157.163 by informing Marks that he had the constitutional right to remain silent and that he did not have to testify at the hearing. Marks also acknowledged this right and indicated that he wished to waive it. The trial court, on the record, found that

Marks had been informed of his rights and had "elected to testify here today." Furthermore, the record also indicates that Marks did in fact have retained counsel regarding numerous proceedings related to RPI's attempts to enforce child support. Marks even discussed the trial court's previous order that he pay child support and acknowledged that he had not read it "[be]cause I have an attorney." There is also evidence presented by RPI that in relationship to the numerous proceedings regarding this cause, Marks signed an appearance document specifically stating, "I have been advised by the court that I have the right to employ an attorney to represent me in this matter at this time or at a later date." Based on the totality of the circumstances, the record supports that Marks knowingly and intelligently waived his right to counsel and elected to proceed with the contempt hearing. *See Pruitt*, 6 S.W.3d at 365 (denying relator's writ of habeas corpus where trial court properly complied with the strictures of family code 157.163). We overrule Marks's sole issue and deny his requested relief.

## IV. CONCLUSION

Having overruled Marks's sole issue, he has not shown entitlement to the writ. Accordingly, we deny his writ for habeas corpus.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED:  April 19, 2012