IN RE: Leticia RIVAS-LUNA, Relator

No. 08-16-00312-CV

Court of Appeals of Texas,
El Paso.

May 31, 2017

ATTORNEY FOR RELATOR: Hon. Amanda J. Chisholm, Texas Riogrande Legal Aid, Inc., 114 N. 6th Street, Alpine, TX 79830.

ATTORNEY FOR REAL PARTY IN INTEREST: Hon. Jeff Rago, Attorney at Law, 813 Myrtle Ave., El Paso, TX 79901.

RESPONDENT: The Honorable Yahara Lisa Gutierrez, Judge, 65th District Court, 500 E. San Antonio, Room 1105, El Paso, TX 79901.

Before McClure, C.J.; Rodriguez, and Palafox

## OPINION

YVONNE T. RODRIGUEZ, Justice

Leticia Rivas-Luna has filed a mandamus petition against the Honorable Yahara Lisa Gutierrez, Judge of the 65th District Court of El Paso County, Texas, to challenge a contempt order on the ground that Respondent did not advise Relator of her right to be represented by counsel at the contempt hearing. We conditionally grant mandamus relief.

## FACTUAL SUMMARY

Relator and Luna were divorced on August 28, 2015, and the parties were named joint managing conservators of the children with a standard possession order. Luna subsequently filed a petition for enforcement of possession alleging that Relator had denied him access to the children on twenty-five occasions. In his second amended motion for enforcement, Luna specifically requested that Relator be confined in the county jail for eighteen months, and that she be placed on community supervision for two years following her release from jail. On June 9, 2016, Relator attended the enforcement hearing without counsel. The following exchange took place at the beginning of the hearing when the court asked for announcements and Relator identified herself:

[The Court]: All right. And you'll be representing yourself.

[Relator]: I couldn't afford an attorney so I'm here to do the best I can.

[The Court]: Okay. I want you to understand that I'm not going to treat you any differently than I would a lawyer. Okay?

[Relator]: Correct.

The trial court did not announce a ruling on the enforcement motion at the conclusion of the hearing. On August 29, 2016, the court signed an order finding Relator in contempt as alleged in each of the twenty-five counts of contempt set forth in Luna's motion. The court ordered Relator confined in the El Paso County Jail for 30 days on each separate violation until she has complied with the court's order that she pay attorney's fees to Jeff Rago in the amount of $1,000.[1] The court suspended commitment and placed Relator on community supervision for twenty-four months through the El Paso County Domestic Relations Office, and it further provided that community supervision would be terminated when she paid the attorney's fees required by the contempt order.

## AVAILABILITY OF MANDAMUS RELIEF

The first issue the Court must address is whether mandamus or habeas corpus is the appropriate avenue to challenge the contempt order. It is well established that an order of contempt is not appealable. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Ex parte Gray*, 649 S.W.2d 640, 642 (Tex.Crim.App. 1983). If the contemnor has been confined or released on bond, a contempt order is reviewed by petition for writ of habeas corpus. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995). A contempt order that suspends the commitment and places the contemnor on community supervision can be reviewable by habeas corpus if it imposes conditions which constitute a sufficient restraint on liberty. *See In re Pierre*, 50 S.W.3d 554, 558-59 (Tex.App.—El Paso 2001, orig. proceeding)(requirements that contemnor report monthly to community supervision office and remain in the county

were a restraint on liberty); *In re Ragland*, 973 S.W.2d 769, 771 (Tex.App.—Tyler 1998, orig. proceeding)(requirement that contemnor perform community service each week for a year constituted a restraint on liberty). If a contempt order does not involve confinement or some type of restraint on liberty, the only possible relief is a writ of mandamus. *In re Long*, 984 S.W.2d at 624.

Relator is not in jail or on bond. The contempt order suspended the commitment and placed her on community supervision, but the only condition imposed is that Relator pay attorney's fees in the amount of $1,000 ($84 per month until paid). Courts have held that suspended contempt orders which only require the contemnor to pay attorney's fees and otherwise comply with the trial court's orders do not constitute a sufficient restraint on liberty to allow the contemnor to challenge the contempt order by habeas corpus. *See Ex parte Hughey*, 932 S.W.2d 308, 310-11 (Tex.App.—Tyler 1996, orig. proceeding)(community supervision order only required contemnor to pay child support and attorney's fee arrearages and otherwise comply with the court's orders); *Ex parte Sealy*, 870 S.W.2d 663, 665-66 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding) (suspended contempt order only required contemnor to pay attorney's fees and costs and otherwise comply with visitation orders). The mere requirement that Relator pay attorney's fees is not a sufficient restraint on her liberty to allow Relator to challenge the contempt order by habeas corpus. We conclude that mandamus is the only available mechanism for Relator to challenge the contempt order.

---

1. The order further provided that Relator could pay the attorney's fees by paying $84.00 per month.

## DENIAL OF THE RIGHT
## TO COUNSEL

█ In her sole issue, Relator contends that the contempt order is void because the trial court failed to advise her that she had a right to be represented by counsel at the contempt hearing and to be appointed counsel if she could not afford one.

### Standard of Review

█ To be entitled to mandamus relief, a relator must generally meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Green*, 527 S.W.3d 277, 278–80, 2016 WL 7031055, at *2 (Tex.App.—El Paso December 2, 2016, orig. proceeding); *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.—Houston [1st Dist.] 2012, orig. proceeding). In an original proceeding challenging a contempt order, the relator has the burden to show that the order is void. *See In re Aslam*, 348 S.W.3d 299, 302 (Tex.App.—Fort Worth 2011, orig. proceeding), *citing In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009). Second, the relator must show that she does not have an adequate remedy by appeal. *Prudential*, 148 S.W.3d at 135-36. Because Relator does not have a right to appeal the contempt order, she has satisfied the second requirement. *See In re Aslam*, 348 S.W.3d at 302. The only remaining question is whether Relator has shown that the contempt order is void.

### Failure to Comply with Section 157.163

Relator asserts that the contempt order is void because the trial court did not admonish her of right to counsel in accordance with Section 157.163 of the Texas Family Code. *See* Section 157.163 provides, in relevant part, as follows:

(a) In a motion for enforcement or motion to revoke community service, the court must first determine whether incarceration of the respondent is a possible result of the proceedings.

(b) If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

(c) If the court determines that the respondent will not be incarcerated as a result of the proceedings, the court may require a respondent who is indigent to proceed without an attorney.

(d) If the respondent claims indigency and requests the appointment of an attorney, the court shall require the respondent to file an affidavit of indigency. The court may hear evidence to determine the issue of indigency.

TEX.FAM.CODE ANN. § 157.163 (West 2014).

█ If incarceration is a possible result of the contempt proceedings, and the trial court fails to admonish an alleged contemnor of her right to counsel in accordance with section 157.163, renders the contempt and commitment orders void. *See Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997); *Ex parte Keene*, 909 S.W.2d 507, 508 (Tex. 1995); *Ex parte Gunther*, 758 S.W.2d 226, 227 (Tex. 1988).

The trial court did not determine at any point during the hearing on Luna's motion for enforcement whether confinement of Relator was "a possible result" of the hearing as required by Section 157.163(a). Luna responds that Relator was not subject to incarceration because he waived his request that she be incarcerated. Luna's

second amended motion for enforcement expressly requested that the trial court find Relator in contempt and order her confined in the county jail for eighteen months, and that she be placed on community supervision for two years following her release from jail. At the hearing on Relator's motion for new trial, Luna's attorney stated: "And, Judge, the fact that she—and that day, if you remember at the start of the hearing, you asked if we were seeking incarceration and we said no. So that changes it. She is not incarcerated. Her incarceration is dependent on her actions after the fact, not at that hearing." The record of the enforcement hearing does not support Luna's assertions that he waived his request for incarceration or amended his enforcement motion. To the extent Luna argues that incarceration was not a "possible result" because he asked the trial court to suspend the commitment and place Relator on community supervision, the Supreme Court rejected this argument in *Ex parte Acker*. In that case, the relator failed to pay child support as ordered by the court, and the real party in interest filed a motion for contempt. *Ex parte Acker*, 949 S.W.2d at 315. At the hearing, the relator was not represented by counsel and the trial court did not admonish her regarding her right to counsel. *Id.* The parties announced they had reached an agreement that relator would agree she had willfully failed to make the child support payments, and she would be sentenced to 180 days in jail for criminal contempt, and thereafter for coercive contempt if she did not pay the arrearage of $8,553. *Id.* They further agreed to suspend the sentence upon relator's immediate payment of $1,000 and monthly payments of $100 on the arrearage. *Id.* The relator paid the initial $1,000, but she missed several of the monthly payments on the arrearage. *Id.* The real party in interest filed a motion to revoke the suspension and the rela-

tor was represented by counsel at the hearing. *Id.* at 315-16. The court revoked the suspension and committed the relator to jail for 180 days, and thereafter until she had paid the arrearage. *Id.* at 316. The Supreme Court rejected the real party in interest's argument that incarceration was not a possible result of the first contempt hearing because the parties had agreed to suspend commitment based on relator's payment of the arrearage. *Ex parte Acker*, 949 S.W.2d at 316. The Court held that incarceration was an ultimate possibility if the relator did not comply with the terms of the suspension. *Id.* Consequently, the trial court's failure to admonish the relator of her right to counsel rendered the commitment order void. *Id.*

Luna also relies on *Ex parte Hamill*, 718 S.W.2d 78 (Tex.App.—Fort Worth 1986, orig. proceeding) which held that Section 157.163's admonishment was not required in a case where the trial court suspended the commitment, and the relator would not be entitled to counsel unless and until a revocation motion was filed. *Hamill* conflicts with the Supreme Court's decision in *Ex parte Acker*. We respectfully disagree with *Hamill* and will not follow it.

In his response, Luna states that Relator waived her right to counsel and she never made a request for an attorney. Relator stated on the record that she could not afford an attorney and she would have to do the best she could. This does not constitute a waiver of the right to counsel or an agreement to proceed *pro se*. Because the trial court did not admonish Relator as required by Section 157.163, it cannot be said that Relator was even aware that she had a *right* to counsel under the Family Code. Consequently, even if Relator agreed to proceed without an attorney, her "waiver" would not have been made knowingly. Regarding Luna's

assertion that Relator failed to request counsel, Section 157.163 places the responsibility on the trial court to first determine whether confinement was a possible result of the hearing, and if so, admonish Relator regarding her right to counsel. Relator's right to counsel is not contingent on her making a request for counsel.

The record before the Court reflects that incarceration was certainly a possible result of the enforcement hearing. Consequently, the trial court was required to admonish Relator of her right to counsel, and based on her assertion that she could not afford an attorney, the trial court should have determined whether she was entitled to appointed counsel. Luna contends that Relator is not indigent because she mentioned at the hearing that she has a job. It is unnecessary to address this argument because the trial court's failure to admonish Relator of her right to counsel renders the contempt order void.[2] Issue One is sustained.

### ATTORNEY'S FEES

In her prayer for relief, Relator asks that we order Luna and his attorney to return any attorney's fees paid by Relator in compliance with the void contempt order. Because we have found that the contempt order is void, the portion of the order placing Relator on community supervision and order her to pay attorney's fees to Luna's counsel is also void. The trial court is directed to set aside the contempt order signed on August 29, 2016, and to order Luna and his attorney to refund to Relator any attorney's fees paid by her to counsel pursuant to the void contempt order. *See Ex parte Sealy*, 870 S.W.2d at 667 (holding that a void contempt order will not support an award of attorney's fees

and ordering fees paid to be refunded to the relator). The writ of mandamus will issue only if the trial court fails to act in accordance with this opinion.

---

**2.** It is worth noting, however, that a finding of indigence is not precluded by evidence that the party claiming indigence is employed. The proper inquiry is whether the party's income is exceeded by her expenses.