**Granted and Opinion Filed February 12, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00031-CV**

### IN RE CHRISTOPHER GLENN CHAMBERS, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-00874**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Schenck
Opinion by Justice Schenck

Before the Court is relator's January 11, 2018 petition for writ of habeas corpus in which he seeks to be discharged from civil confinement for allegedly failing to pay court-ordered child support. We find that the orders at issue are void and grant the writ.

### Background

This proceeding arises from a contempt action for the alleged nonpayment of child support arrearages ordered to be paid in a March 17, 2017 Agreed Order in Suit to Modify Parent-Child Relationship. That modification order required relator to pay child support arrearages and unpaid medical expenses through monthly payments of $1,200.00. On November 13, 2017, the children's mother filed a motion for enforcement of the modification order. She alleged that relator had failed to pay the required amounts from April 1, 2017 to September 1, 2017. She requested criminal and civil contempt against relator. Relator was served with notice on December 28, 2017 of a January 2, 2018 hearing on the motion for enforcement and contempt. Relator appeared pro se at the

January 2 hearing. Following the hearing, the trial court signed its "Order Holding Respondent in Contempt for Failure to Pay Child Support and Arrearages, Granting Judgment, and for Commitment to County Jail" and held relator in criminal and civil contempt. The criminal contempt order requires relator to pay a $500 fine and be confined in the county jail for a period of 180 days for each violation, with the confinement to be served concurrently. The civil contempt order requires relator to be confined in the county for either a period not to exceed 18 months, including time served for criminal contempt, or until relator pays $37,518.60 in arrearages and $1,835.23 in fees, whichever occurs first. Relator was taken into custody on January 2, 2018.

In this original proceeding, relator asserts that the trial court's judgment of contempt and commitment order are void and his due process rights are being violated. He seeks a writ of habeas corpus. On January 11, 2018, we issued an order setting bond and authorizing his release upon posting the bond. We requested responses from the real party in interest and respondent, but no responses were filed.

## Standard of Review

A court may punish for contempt. TEX. GOV'T CODE ANN. § 21.002 (West 2004). A habeas corpus proceeding is a collateral attack on a judgment that imposes punishment for contempt. *In re Johnson*, 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). A petition for writ of habeas corpus does not inquire into the guilt or innocence of the relator, but only determines if the order of contempt was void. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). A contempt order is void if it is beyond the power of the court to render it or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

**Discussion**

Relator argues that the judgment of contempt and commitment order are void because (1) he did not receive the statutorily-required 10-days' notice of the hearing, and (2) he was not admonished of his right to counsel and did not waive his right to counsel. After reviewing his complaints and the record, we agree.

First, relator did not receive ten days' notice of the hearing as required by section 157.062(c) of the Texas Family Code. *See* TEX. FAM. CODE. ANN. § 157.062(c) (West Supp. 2017). Lack of ten days' notice under section 157.062(c) constitutes a deprival of due process rights and renders the order void. *Ex parte Davis*, 161 Tex. 561, 565, 344 S.W.2d 153, 155–56 (1961) (holding that relator who appeared at hearing without counsel on only two days' notice could not be said to have waived his rights or consented to trial based on his failure to protest or demand further time because the show cause order compelled his attendance); *Target Logistics, Inc. v. Office of Attorney Gen. of Texas*, 465 S.W.3d 768, 770 (Tex. App.—El Paso 2015, no pet.).

Second, relator appeared pro se and did not waive his right to counsel. In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the order holding a party in contempt is void. *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (court's failure to admonish party of her right to counsel rendered the commitment arising from the contempt order void); *In re Marks*, 365 S.W.3d 843, 845–46 (Tex. App.—Fort Worth 2012, orig. proceeding) (citing *Ex parte Gunther*, 758 S.W.2d 226, 226–27 (Tex. 1988) (orig. proceeding) (granting petition for writ of habeas corpus relief in part because absent knowing waiver of rights, trial court was without authority to hold Gunther in contempt)). An intelligent and voluntary waiver of the right to counsel occurs in a family law contempt proceeding when two events occur. *In re Marks*, 365 S.W.3d at 845–46. First, the trial court admonishes contemnor according to section 157.163. *Id.*; TEX. FAM. CODE ANN. § 157.163 (West Supp. 2017). Next, the contemnor must waive those

rights, and that waiver must be made on the record.  *In re Marks*, 365 S.W.3d at 845–46.; *In re Pass*, No. 02–05–00457–CV, 2006 WL 668744, *3 (Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding) (mem. op.) (contemnor's answer of "[s]ure" to trial court's request to proceed with contempt hearing was an invalid waiver of right to counsel because trial court had not yet admonished contemnor under 157.163); *In re Leon*, No. 01–04–00819–CV, 2004 WL 2306752, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2004, orig. proceeding) (mem. op.) (holding that relator had not waived his right to counsel because trial court held contempt hearing in which incarceration was a possibility but denied relator's requests to be allowed time to retain counsel); *cf., In re Pruitt*, 6 S.W.3d 363, 365 n. 3 (Tex. App.—Beaumont 1999, orig. proceeding) (holding valid waiver of right to counsel by non-indigent contemnor occurred when trial court admonished according to 157.163, inquired whether contemnor wished to continue hearing in order to obtain counsel, and contemnor elected to proceed).  Section 157.163 "requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent or not." *In re Marks*, 365 S.W.3d at 845 (citing *Ex parte Acker*, 949 S.W.2d at 316).

Here, the judge told relator that he had the right to counsel, but did not ask relator if he wanted counsel, did not inform relator that he was entitled to time to get counsel, did not appoint relator counsel, and relator did not waive the right to counsel.  Under those circumstances, the order is void.  *See Ex parte Davis*, 344 S.W.2d at 156 (contempt order void and failure to protest or demand further time does not constitute a waiver of right to counsel where contemnor was provided only 2 days' notice of hearing and nothing in the record shows that "he knew or was advised that he was entitled to further time under the statute and the rule in which to obtain counsel and prepare for trial"); *In re Marks*, 365 S.W.3d at 845 ("a contemnor facing incarceration must be informed of his right to counsel and must either waive that right or be provided with court-appointed counsel.") (citing *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32

L.Ed.2d 530 (1972) (holding that under Sixth Amendment, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he had or waived counsel)).

**Conclusion**

Accordingly, we grant the writ of habeas corpus and vacate the January 2, 2018 "Order Holding Respondent in Contempt for Failure to Pay Child Support and Arrearages, Granting Judgment, and for Commitment to County Jail" issued by the 254th Judicial District Court of Dallas County, Texas in cause number DF-10-00874. We order that relator Christopher Glenn Chambers be unconditionally released and discharged from the custody of the Sheriff of Dallas County under the January 2, 2018 "Order Holding Respondent in Contempt for Failure to Pay Child Support and Arrearages, Granting Judgment, and for Commitment to County Jail." We further discharge any bond paid by relator in accordance with this Court's January 11, 2018 order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE