

# Fourth Court of Appeals
## San Antonio, Texas

March 21, 2018

No. 04-17-00744-CV

Andrew L. **GOSS,**
Appellant

v.

Shakia **GOSS,**
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-02273
Honorable Norma Gonzales, Judge Presiding

## O R D E R

Andrew and Shakia Goss were divorced in 2016. In January 2017, Shakia filed a motion for enforcement of the decree. The trial court held a hearing and signed an Enforcement Order on March 29, 2017. In the Enforcement Order, the trial court found that Andrew was in contempt for failing to pay $4,276 in child support payments. The court ordered Andrew to pay $1000 by April 28, 2017, to pay $100 per month in addition to his current child support obligation of $1,492 per month, and to comply with the provisions in the decree regarding return and exchange of the children. The court ordered both parties to comply with the Loving and Caring order in the decree, Finally, the court rendered a judgment against Andrew and in favor of Shakia's attorney for attorney's fees in the amount of $1,750. Andrew did not file a timely notice of appeal from the March 29, 2017 Enforcement Order.

In September 2017, Shakia filed a motion to clarify the March 29 order. In the motion and at the subsequent hearing, Shakia argued the order was incomplete because it failed to impose any sanction or punishment for Andrew's contempt. On November 9, 2017, the trial court issued a "Clarified Enforcement Order". The November order is identical in all material respects to the March order, except that it adds the following:

Respondent is committed to the Bexar County Jail for a period of 180 days
for each violation.

This Court suspends commitment of jail time so long as Respondent complies with the Final Decree that obligates Respondent to continue to pay child support in the amount of $1775.00 and also returns the Children to Petitioner. Additionally, Respondent must pay $1000.00 to Petitioner no later than April 28, 2017.

Andrew filed a notice of appeal on November 9, 2017, stating he "desires to appeal all portions and enforcement of the order." The record has been filed, and our review of the record raises questions regarding our jurisdiction over this appeal.

The only portion of the November 9, 2017 order that is a "clarification" is the addition of the punishment for contempt, quoted above. The remainder of the enforcement order was rendered by the trial court on March 29, 2017, and was not challenged by a motion for new trial or timely appeal. It therefore became final and unappealable thirty days later. We **order** Andrew to show authority for this court having jurisdiction to review the portions of the November 9 order requiring him to pay $1000 by April 28, 2017, pay $100 per month in addition to his current child support obligation of $1,492 per month, comply with the Loving and Caring order, comply with the provisions in the decree regarding return and exchange of the children, and rendering judgment for attorney's fees, all of which were previously rendered by the trial court.

With respect to the contempt portions of the November 9, 2017 order, this court does not have jurisdiction to review contempt orders by direct appeal. *In re Rich*, 993 S.W.2d 272, 274 (Tex. App.—San Antonio 1999, no pet.). Contempt orders may only be reviewed by an application for a writ of habeas corpus, if the contemnor's liberty has been restrained, or by a petition for a writ of mandamus, if the contemnor has not been confined or otherwise had his liberty restrained. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *In re Rivas-Luna*, 528 S.W.3d 167, 169 (Tex. App.—El Paso, 2017, orig. proceeding).

We therefore **order** appellant Andrew Goss to show cause by **April 2, 2018** why this appeal should not be dismissed for lack of jurisdiction. The briefing deadline is suspended pending our determination of whether we have jurisdiction over the appeal.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of March, 2018.

KEITH E. HOTTLE,
Clerk of Court