**Opinion issued May 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00155-CV

_____

## IN RE LAMONICA FOX, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator Lamonica Fox has filed a petition for writ of habeas corpus, raising four issues.[1] Fox also filed a motion for emergency relief. On March 20, 2019, we granted the emergency motion and set bail at $1,000.00. We directed real parties in

---

[1] The underlying case is *In the Interest of H.S.F. and T.E.F.*, cause number 2013-55225, pending in the 247th District Court of Harris County, Texas, the Honorable Janice Berg presiding.

interest to file a response by April 3, but no response has been filed. We grant the petition.

The underlying case is a contempt proceeding for nonpayment of child and medical support. The trial court signed an order of contempt on August 16, 2017 and placed relator on community supervision. A second amended motion to revoke suspension of commitment was filed and a revocation hearing was held on February 20, 2019. Community supervision was revoked by order granting real party's motion on February 21, 2019.

A commitment order is subject to collateral attack in a habeas corpus proceeding. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005). The writ shall issue "if the trial court's contempt order is void, either because it is beyond the court's power or because the relator has not been afforded due process." *Id.* In four issues, Fox contends that the trial court deprived her of liberty without due process and the commitment order is void.

In her first issue, Fox complains that the trial court's order is void because she was deprived of due process when she appeared at the hearing pro se and was not admonished of her right to counsel. The hearing record does not indicate that the trial court admonished Fox of her right to counsel. Although the trial court addressed Fox's claim that she was indigent and could not afford an attorney, the trial court heard Fox's testimony and determined that Fox was not indigent. Fox asked if she

2

could have additional time to try to obtain funds to hire an attorney, but the trial court denied this request and proceeded with the revocation hearing.

The Fourteenth Amendment guarantee of due process incorporates the Sixth Amendment right to counsel in a criminal prosecution. *See In re Leon*, No. 01–04–00819–CV, 2004 WL 2306752, at * 2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2004, orig. proceeding). This right extends to cases in which the party may be deprived of liberty if she loses. *See id.*

Section 157.163 of the Texas Family Code requires the trial court when hearing a motion for enforcement or a motion to revoke community service to first determine if incarceration may result and, if so, the court "shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney." TEX. FAM. CODE § 157.163(b). Thus, the trial court must admonish a respondent of the right to counsel whether he or she is indigent or not. *See Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997). And if the respondent is facing incarceration, the trial court must either provide court-appointed counsel or obtain a waiver of the right to counsel. *See In re Marks*, 365 S.W.3d 843, 845 (Tex. App.—Fort Worth 2012, orig. proceeding) (citing to *Argersinger v. Hamlin*, 407 U.S. 25 (1972)).

Here, the trial court determined that Fox was not indigent and thus not entitled to appointed counsel, but the trial court denied Fox's request for time to obtain

3

retained counsel. The record does not show that Fox waived her right to counsel. The trial court's denial of Fox's request for time to retain counsel violated her Sixth Amendment right to counsel. *See Leon*, 2004 WL 2306752, at \*3.

Because the trial court violated Fox's right to counsel and deprived her of liberty without due process of law, the February 21, 2019 order revoking suspension of commitment and committing Fox to county jail is void. Because our resolution of this issue is dispositive, we need not address her other issues.

We grant the petition and order Fox discharged from the custody of the Harris County Sheriff and released from the bond she posted until our final determination of her petition.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.