In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00240-CV
_____

IN RE NADIA FIGUEROA

Original Proceeding
279th District Court of Jefferson County, Texas
Trial Cause No. F-204,311-G

MEMORANDUM OPINION

Nine months after the trial court entered a contempt order against Nadia Figueroa (Figueroa), she seeks mandamus relief from the trial court's order of enforcement. On October 1, 2018, the trial court found Figueroa in contempt for six separate violations of a custody and possession order, sentenced her to 90 days of confinement for each violation, to be served concurrently, suspended the commitment and placed Figueroa on community supervision for 120 months, and awarded her ex-husband Warren Pena a total judgment of $27,500 in attorney's fees

1

for the services of two lawyers in the enforcement action. *See* Tex. Fam. Code Ann. §§ 157.165, 157.167(b) (West 2014).

In her mandamus petition, Figueroa contends the trial court abused its discretion when it denied her request for time to hire an attorney. She claims the order of enforcement is void because the trial court failed to advise her of her right to counsel and that an attorney could be appointed for her if she was indigent. *See In re Rivas-Luna*, 528 S.W.3d 167, 170 (Tex. App.—El Paso 2017, orig. proceeding). Figueroa argues she has no adequate remedy by appeal because contempt orders are not appealable, and mandamus is appropriate because at this time she is not confined. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding).

At the commencement of the enforcement hearing, the attorney representing Figueroa in the on-going modification proceeding notified the trial court that Figueroa lacked the funds to retain her for purposes of the enforcement hearing and that she was not representing Figueroa in the enforcement hearing. Figueroa requested additional time. The trial court indicated to Figueroa's attorney that if she was not going to represent Figueroa in the enforcement proceeding she would need to move behind the bar. After an off the record discussion with Figueroa, Figueroa's attorney then notified the trial court that she had agreed to "help" Figueroa in the hearing, and she acted as Figueroa's attorney in the enforcement hearing.

In her mandamus petition, Figueroa argues the trial court should have granted her request for additional time to secure counsel and she contends the trial court failed to comply with section 157.163 of the Texas Family Code, which requires the trial court to inform a respondent not represented by an attorney of the right to be represented by an attorney, and if the person is indigent, of the right to the appointment of an attorney. *See* Tex. Fam. Code Ann. § 157.163(b) (West Supp. 2018). She further argues that the contempt order is void because the trial court failed to admonish Figueroa of these rights. *See Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997).

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A contempt order is void if it is beyond the power of the court or violates due process." *In re Office of Attorney Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding). "If the trial court's contempt order in this case is not void, there was no abuse of discretion." *Id*.

After reviewing the mandamus record, we conclude that Figueroa was represented by an attorney at the enforcement hearing. Regardless of the unfairness of forcing a Hobson's choice on Figueroa's attorney, she did represent Figueroa in

the hearing and as a result of her participation Figueroa was not unrepresented for purposes of section 157.163. *See* Tex. Fam. Code Ann. § 157.163(b). Figueroa makes no additional argument or authority for compelling the trial court to vacate the order.[1] Based on the record before us we conclude that the relator is not entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. Tex. R. App. P. 52.8(a).

       PETITION  DENIED.

PER CURIAM

Submitted on August 7, 2019
Opinion Delivered August 8, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1] We limit our ruling to the issue raised by Figueroa regarding the alleged lack of counsel.