**Fourth Court of Appeals**
San Antonio, Texas


August 22, 2019

No. 04-19-00532-CV

**IN THE INTEREST OF N.J.L., J.B.L., AND I.J.L.,**

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013EM504476
Honorable Mary Lou Alvarez, Judge Presiding

# O R D E R

This appeal arises from the Attorney General's motion for enforcement of a 2013 order for child support and medical support. Trial was held June 10, 2019, and resulted in an Order signed June 13, 2019. In the Order, the trial court found J.M.L., the father of the children, is in arrears on child support in the amount of $5,292.62 and in arrears on medical support in the amount of $90.15. The court rendered judgment against J.M.L. on the arrearages, ordered J.M.L. to pay $1,500.00 by August 28, 2019, and set forth a schedule for payment of the remainder of the judgment.

The trial court also found J.M.L. in contempt for failure to make court-ordered child support and medical support payments. The court rendered a judgment of punitive contempt, ordering J.M.L. committed to the county jail for a period of 180 days for each of eight violations, to run concurrently. The court also rendered a judgment of coercive contempt, ordering J.M.L. committed to the county jail until he pays $1,500 in arrearages. The court deferred commencement of the punitive and coercive commitment until August 28, 2019.

J.M.L. filed a notice of appeal on August 12, 2019, stating he "desires to appeal all portions of the judgment." The clerk's record has been filed, and our review of the record raises questions regarding our jurisdiction over this appeal.

With respect to the contempt portions of the Order, "[a]ppellate courts do not have jurisdiction to review contempt proceedings on direct appeal." *In re T.L.K.*, 90 S.W.3d 833, 841 (Tex. App.–San Antonio 2002, no pet.). Contempt orders may be reviewed by an application for a writ of habeas corpus if the contemnor's liberty has been restrained, or by a petition for a writ of mandamus if the contemnor has not been confined or otherwise had his liberty restrained. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *In re Rivas-Luna*, 528 S.W.3d 167, 169 (Tex. App.—El Paso, 2017, orig. proceeding) (holding that

contempt order, suspended on condition that contemnor pay child support arrearages and otherwise comply with trial court's orders should be challenged by mandamus).

With respect to the part of the Order rendering judgment for support arrearages, it appears the notice of appeal was not timely filed. The Order was signed June 13, 2019. No motion that would have extended the appellate timetable was filed. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due July 15, 2019, or a motion for extension of time to file the notice of appeal was due fifteen days later on July 30, 2019. *See* TEX. R. APP. P. 26.1, 26.3. J.M.L. did not file a motion for extension of time to file the notice of appeal and he did not file his notice of appeal until August 2, after the time to do so had expired.

A timely notice of appeal must be filed in order to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010). Once the period for filing a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997).

We therefore **order** appellant J.M.L. file a response by **September 6, 2019**, showing cause why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed.

All other deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of August, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court