

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00532-CV

**IN THE INTEREST OF N.J.L.**, J.B.L., and I.J.L.

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013EM504476
Honorable Mary Lou Alvarez, Judge Presiding

PER CURIAM

Sitting:  Luz Elena D. Chapa, Justice
     Irene Rios, Justice
     Beth Watkins, Justice

Delivered and Filed: September 25, 2019

DISMISSED FOR LACK OF JURISDICTION

This appeal arises from the Attorney General's motion for enforcement of a 2013 order for child support and medical support. After trial, the court signed an order dated June 13, 2019, in which it found the father of the children, J.M.L., in arrears. The court rendered judgment against J.M.L. on the arrearages, ordered J.M.L. to pay $1,500.00 by August 28, 2019, and set forth a schedule for payment of the remainder of the judgment. The trial court also found J.M.L. in contempt for failing to make the court-ordered child support and medical support payments. The court rendered a judgment of punitive contempt, ordering J.M.L. committed to the county jail for a period of 180 days for each of eight violations, to run concurrently. The court also rendered a judgment of coercive contempt, ordering J.M.L. committed to the county jail until he pays $1,500

in arrearages. The court deferred commencement of the punitive and coercive commitment until August 28, 2019.

J.M.L. filed a notice of appeal on August 12, 2019, stating he "desires to appeal all portions of the judgment." The clerk's record was filed, and our review of the record raised questions regarding our jurisdiction over this appeal. We therefore ordered J.M.L. to show cause by September 6, 2019, why the appeal should not be dismissed for lack of jurisdiction. J.M.L. did not respond to our order.

With respect to the contempt portions of the Order, "[a]ppellate courts do not have jurisdiction to review contempt proceedings on direct appeal." *In re T.L.K.*, 90 S.W.3d 833, 841 (Tex. App.—San Antonio 2002, no pet.). Contempt orders may be reviewed by an application for a writ of habeas corpus if the contemnor's liberty has been restrained, or by a petition for a writ of mandamus if the contemnor has not been confined or otherwise had his liberty restrained. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *In re Rivas-Luna*, 528 S.W.3d 167, 169 (Tex. App.—El Paso, 2017, orig. proceeding) (holding that contempt order, suspended on condition that contemnor pay child support arrearages and otherwise comply with trial court's orders should be challenged by mandamus).

With respect to the part of the Order rendering judgment for support arrearages, the record reflects the notice of appeal was not timely filed. The Order was signed June 13, 2019, and no motion that would have extended the appellate timetable was filed. *See* Tex. R. Civ. P. 329b(g); Tex. R. App. P. 26.1(a). Thus, the notice of appeal was due July 15, 2019, or a motion for extension of time to file the notice of appeal was due fifteen days later on July 30, 2019. *See* Tex. R. App. P. 26.1, 26.3. J.M.L. did not file a motion for extension of time to file the notice of appeal and he did

not file his notice of appeal until August 2, after the time to do so had expired. A timely notice of appeal must be filed in order to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010). Once the period for filing a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997).

This court lacks appellate jurisdiction over the trial court's June 13, 2019, order, and we therefore dismiss the appeal.

PER CURIAM