

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00436-CV

_____

IN RE STEPHANIE DUNLAP HADSALL

---

Original Proceeding
158th District Court of Denton County, Texas
Trial Court No. 17-2904-158

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Relator Stephanie Dunlap Hadsall (Mother), whom the trial court held in contempt and confined to jail, filed a petition for writ of habeas corpus in our court in which she asserted that the trial court had denied her due process and the right to counsel. Real Party in Interest Mikel Ray Hadsall (Father) has not filed a response. We agree that the trial court's contempt and commitment orders are void and grant Mother's petition for writ of habeas corpus.

## II. DISCUSSION

### A. MOTHER'S CONTENTIONS

In her petition, Mother asserts that the trial court denied her due process because it denied her the right to counsel.[1] *See* Tex. Fam. Code Ann. § 157.163; *In re Rivas-Luna*, 528 S.W.3d 167, 172 (Tex. App.—El Paso 2017, orig. proceeding). She maintains that the trial court failed to advise her of her right to counsel, failed to appoint counsel on the basis of indigence, and—even if she were not indigent—failed to afford her the opportunity to retain counsel.

### B. SECTION 157.163 OF THE TEXAS FAMILY CODE

Specifically, Mother contends that the trial court failed to comply with Section 157.163 of the Texas Family Code, which addresses the steps that the trial court is supposed to follow when a pro se party (such as Mother was in the trial court)

---

[1]Mother maintains that she never waived her right to counsel.

2

appears in a contempt proceeding. *See* Tex. Fam. Code Ann. § 157.163; *In re Pass*, No. 2-05-457-CV, 2006 WL 668744, at *1 (Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding) (mem. op.). This statute requires the trial court to determine whether incarceration of the respondent is a possible result of the enforcement proceedings. Tex. Fam. Code Ann. § 157.163(a). If the court determines that the respondent will not be incarcerated as a result of the proceedings, it may require a respondent who is indigent to proceed without an attorney. *Id.* § 157.163(c); *Pass*, 2006 WL 668744, at *1. But if incarceration is a possible result, the trial court "shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney." Tex. Fam. Code Ann. § 157.163(b); *Pass*, 2006 WL 668744, at *1. If the respondent claims indigency and requests the appointment of an attorney, the court must require the respondent to file an affidavit of indigency. Tex. Fam. Code Ann. § 157.163(d). When determining indigency, the court may also hear evidence. *Id.* If the court determines that the respondent is indigent, it must appoint an attorney to represent the respondent. *Id.* § 157.163(e). Section 157.163 requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent. *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding); *Pass*, 2006 WL 668744, at *1. Thus, a respondent facing incarceration must be informed of her right to counsel and must either waive that right or be represented by counsel. *See Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972) ("We hold, therefore, that absent a

3

knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."); *Pass*, 2006 WL 668744, at *1; *see also In re Luebe*, 983 S.W.2d 889, 890 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("[C]ontempt cases are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases."). Absent a knowing and intelligent waiver of the right to counsel made on the record, an order holding a respondent in contempt is void. *Pass*, 2006 WL 668744, at *1.

## C. THE TRIAL COURT DID NOT COMPLY WITH SECTION 157.163

The reporter's record shows that the trial court was aware that Father was attempting to put Mother in jail for contempt. Tex. Fam. Code Ann. § 157.163(a). The trial court was also aware that Mother was appearing pro se. This triggered the trial court's responsibility to inform Mother of her right to be represented by an attorney and, if she was indigent, of the right to the appointment of an attorney. *Id.* § 157.163(b). The trial court failed to do so.

Instead, the trial court—ignoring the requirements of Section 157.163—informed Mother that she was neither indigent nor entitled to appointed counsel. When Mother informed the trial court that she was not an attorney and could not afford to retain one, the trial court asked Mother how much she made per month. Mother answered that she made $4,000 per month, and the court ruled, "That's beyond that amount at which I can grant a court-appointed attorney. And so you'd

4

be representing yourself." Mother queried, "So I'm not entitled to counsel?" The court responded, "No. You make too much money."

Although the trial court made an inquiry into whether Mother was indigent, it did not follow the procedure set out in Section 157.163. Once Mother communicated to the trial court that she was indigent and wanted an attorney, the trial court was required to have her fill out and file an affidavit of indigency. *Id.* at § 157.163(d). The trial court skipped this requirement.

Furthermore, the fact that Mother was employed—although certainly a relevant factor—was not necessarily dispositive of whether she was indigent for purposes of having counsel appointed. *See Rivas-Luna*, 528 S.W.3d at 172 n.2 ("It is worth noting . . . that a finding of indigence is not precluded by evidence that the party claiming indigence is employed. The proper inquiry is whether the party's income is exceeded by her expenses."); *Luebe*, 983 S.W.2d at 890 (noting that Section 157.163 gives no guidelines for determining indigency and that "[n]o rigid standard exists for determining indigency for the purpose of appointing counsel").

Mother then asked, "Okay. Am I entitled to time to retain counsel?" The court responded, "Yes, but that will cause [Father's] fees to go up, which is something that most likely I'd hold you responsible for." Father opposed giving Mother more time to retain counsel, and Mother again asserted that she was indigent, "Currently, I don't have counsel. I mean, I can either make rent or I can make child support. And I'm making rent." Mother did not waive her right to counsel merely by stating on the

5

record that she could not afford an attorney. *See, e.g., Rivas-Luna*, 528 S.W.3d at 171 ("Relator stated on the record that she could not afford an attorney and she would have to do the best she could. This does not constitute a waiver of the right to counsel or an agreement to proceed *pro se*."). *But cf. In re Marks*, 365 S.W.3d 843, 846 (Tex. App.—Fort Worth 2012, orig. proceeding) (holding that the relator knowingly and intelligently waived his right to counsel after (1) the trial court informed him that he had the right to have counsel present and that if he could not afford one, one would be provided for him, (2) the relator acknowledged to the trial court that he understood those rights, (3) the relator never asserted that he was indigent, and (4) the hearing proceeded after the relator expressly waived his right to remain silent). Indeed, as discussed above, Section 157.163 is designed to ensure that a respondent's right to counsel is protected regardless of her ability to pay. *See* Tex. Fam. Code Ann. § 15.163(d)–(e). Nevertheless, the hearing proceeded with Mother unrepresented by counsel.

Mother relies on *Rivas-Luna* in which the El Paso Court of Appeals wrote,

The record before the Court reflects that incarceration was certainly a possible result of the enforcement hearing. Consequently, the trial court was required to admonish Relator of her right to counsel, and based on her assertion that she could not afford an attorney, the trial court should have determined whether she was entitled to appointed counsel. [The real party in interest] contends that Relator is not indigent because she mentioned at the hearing that she has a job. It is unnecessary to address this argument because the trial court's failure to admonish Relator of her right to counsel renders the contempt order void.

*Id.* at 172.  We agree with Mother that the trial court's failure to comply with Section 157.163 renders the contempt and commitment orders void.  "[S]ection 157.163 requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent or not."  *Acker*, 949 S.W.2d at 316; *Rivas-Luna*, 528 S.W.3d at 172.  Because we hold that the trial court did not properly admonish Mother of her right to counsel and of her right to appointed counsel if she was indigent, we need not address Mother's other contentions.

### III.  CONCLUSION

Accordingly, we grant Mother's petition for writ of habeas corpus.  The trial court's contempt and commitment orders are void.

Because we previously ordered Mother released from the Denton County Jail pending final determination of her petition for writ of habeas corpus, no further action regarding her confinement is required.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  February 6, 2023