COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| TARGET LOGISTICS, INC., | § | |
| | | No. 08-13-00099-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 383rd District Court |
| THE OFFICE OF THE ATTORNEY | § | |
| GENERAL OF TEXAS, JUAN | | of El Paso County, Texas |
| RAMIREZ, AND DORA ANGELICA | § | |
| RAMIREZ, | | (TC# 2011CM095) |
| | § | |
| Appellees. | | |

## **O P I N I O N**

Appellant Target Logistics, Inc. ("Target") appeals a "Default Order Enforcing Income Withholding for Child Support" rendered by the trial court on March 22, 2013. At the hearing on March 19, 2013, before an associate judge, the only parties that appeared were the Attorney General of Texas ("AG"), Dora Angelica Ramirez and Juan Ramirez. The Order granted a judgment in favor of the Attorney General of Texas against Target for a total of $11,219.63 finding that Appellant failed to remit child support withholdings from its employee Juan Ramirez's income. We reverse the trial court's order and remand for a new trial on the merits.

### **BACKGROUND**

On January 10, 2012, an amended income withholding order was issued by the AG to

Target Transportation Services regarding its employee Juan Ramirez for child support owed to Dora Ramirez. On December 7, 2012, the AG filed a "Motion to Enforce Withholding from Earnings for Child Support" against Target alleging that Appellant had "repeatedly failed to comply with the order or writ of income withholding" issued in January 2012. Citation was issued on March 8, 2013, and served upon Target Transportation Services Inc. on March 15, 2013. The hearing was conducted on March 19, 2013, by an associate judge and ratified by the district court on March 22, 2013.

## DISCUSSION

Target presents two issues on appeal. In Issue One, Target asserts the associate judge lacked jurisdiction to render the default order due to the lack of a referral order from the district court to the associate judge in this cause pursuant to Texas Family Code section 201.006. In Issue Two, Target contends its due process rights have been violated because the associate judge and trial court entered a default order in contravention of Texas Family Code section 157.062(c). Section 157.062(c) mandates that a hearing "for enforcement of an existing order providing for child support … shall be given to the respondent … not later than the 10th day before the date of the hearing." TEX.FAM.CODE ANN. § 157.062(c)(West 2014).

Appellee, the Office of the Attorney General, responds that Issue One may have been waived due to briefing error. As to Issue Two, the AG agrees with Target that there was "plainly ... insufficient notice of the hearing as to constitute a violation of due process." Further, the AG responds to Target's prayer for an award of costs in connection with its appeal that the Texas Family Code prohibits such an award pursuant to sections 231.211(a), 231.001 and 101.034.

*Due Process Violation*

2

The lack of notice violates "the most rudimentary demands of due process of law." *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965). In *Peralta,* the Court held that "a judgment entered without notice or service is constitutionally infirm," and violates due process. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). Further, the Court has stated "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action ...." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

Turning to the case at hand, our sister courts have found that late notice under section 157.062(c) may render the judgment void if the notice constitutes a denial of a party's due process rights. *In the Interest of V.L.K., a Child,* No. 02-10-00315-CV, 2011 WL 3211245, at *4 (Tex.App.—Fort Worth July 28, 2011, no pet.); *In the Interest of A.L.R. and J.A.R., Children,* No. 10-07-00037-CV, 2008 WL 3971762, at *2 (Tex.App.—Waco Aug. 27, 2008, no pet.); *see also Platt v. Platt*, 991 S.W.2d 481, 483 (Tex.App.—Tyler 1999, no pet.)("trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing, to voice [her] objections in an appropriate manner, and results in a violation of fundamental due process"). Our own precedent dictates that late notice of a hearing given in contravention of the Texas Rules of Civil Procedure mandates a new trial. *Blanco v. Bolanos,* 20 S.W.3d 809, 811 (Tex.App.—El Paso 2000, no pet.)(notice given in contravention of Texas Rule of Civil Procedure 245 of not less than 45 days necessitated a new trial).

It is undisputed by the parties that Target received notice two business days prior to the

3

hearing. Target contends such late notice under section 157.062(c), which required at least ten days, constituted a deprival of its due process rights and the Attorney General concedes this issue. TEX.FAM.CODE ANN. § 157.062(c). We agree. Issue Two is sustained. Because of our disposition of Issue Two, it is unnecessary to address Issue One.

### *Award of Costs*

The AG takes issue with Target's prayer for costs associated with this appeal and points us to the Texas Family Code sections 231.211(a), 231.001 and 101.034. Section 231.211(a) is clear on its face stating that a "court may not access those amounts [attorney's fees and court costs] against the Title IV-D agency …." TEX.FAM.CODE ANN. § 231.211(a)(West 2014). It is undisputed the Attorney General is the State of Texas' Title IV-D agency. TEX.FAM.CODE ANN. § 231.001 (West 2014).

Therefore, no costs will be assessed against the Office of the Attorney General. *In the Interest of Z.H.S., a Child,* No. 13-08-00204-CV, 2009 WL 265274, at *1 (Tex.App.—Corpus Christi-Edinburg Feb. 5, 2009, no pet.)("appellate court may not access costs against the Office of the Attorney General in a case in which the Attorney General is providing services").

### CONCLUSION

We reverse the judgment and remand for a new trial.


                                        YVONNE T. RODRIGUEZ, Justice
June 3, 2015

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

4