## IN the INTEREST OF C.Y.K.S., a Child
### NO. 14–15–00554–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 9, 2017

Taura Spates, Houston, TX, for Appellant.

Daniel Jake Lemkuil, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## SUPPLEMENTAL OPINION

Kem Thompson Frost, Chief Justice

On original submission, we reversed the trial court's 2015 dismissal order, remanded for further proceedings, and ordered that appellee Shana Williams pay all costs incurred by reason of this appeal. Williams now moves for rehearing on the sole ground that Texas Family Code section 231.211(a) bars this court from ordering her to pay court costs. We deny the rehearing motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Christopher Spates filed this appeal from the trial court's order setting aside and dismissing for lack of jurisdiction the trial court's February 13, 2015 order, in which the trial court had modified Spates's monthly child-support obligation from $1060.20 to $565.48, retroactive to April 2010 ("Modification Order"). In the Modification Order, the trial court adjudicated Spates's petition to modify child support and Williams's counter-petition. On original submission, we concluded that the trial court reversibly erred in signing the dismissal order and in dismissing the Modification Order for lack of jurisdiction. *See In re C.Y.K.S.*, No. 14–15–00554–CV, 2016 WL 5112200, at *4 (Tex. App.—Houston [14th Dist.] Sept. 20, 2016, no pet. h.) (mem. op.). For good cause, we ordered

Williams to pay all costs incurred by reason of this appeal. The sole argument Williams presents on rehearing is that ordering her to pay court costs violates Texas Family Code section 231.211(a). *See* Tex. Fam. Code Ann. § 231.211(a) (West, Westlaw through 2015 R.S.).

## II. ANALYSIS

### A. Does Family Code section 231.211(a) preclude assessment of costs against Williams?

Appellee the Office of the Attorney General of Texas (the "Attorney General") filed several motions for enforcement of child support against Spates in the trial court, and Spates served the Attorney General with his petition to modify child support. For the purposes of our analysis, we presume that this appeal is from an order in a "Title IV–D case."[1] *See* Tex. Fam. Code Ann. § 101.034 (West, Westlaw through 2015 R.S.) (stating that "Title IV–D case" means "an action in which services are provided by the Title IV–D agency under Part D, Title IV, of the federal Social Security Act (42 U.S.C. Section 651 et seq.), relating to the location of an absent parent, determination of parentage, or establishment, modification, or enforcement of a child support or medical support obligation"); Tex. Fam. Code Ann. § 231.001 (West, Westlaw through 2015 R.S.) (stating that "[t]he office of the attorney general is designated as the state's Title IV–D agency").

Williams asserts that by ordering her to pay appellate court costs in this case, we violated Texas Family Code section 231.211(a), which provides in its entirety as follows:

> At the conclusion of a Title IV–D case, the court may assess attorney's fees and all court costs as authorized by law against the nonprevailing party, except that the court may not assess those amounts against the Title IV–D agency or a private attorney or political subdivision that has entered into a contract under this chapter or any party to whom the agency has provided services under this chapter. Such fees and costs may not exceed reasonable and necessary costs as determined by the court.

Tex. Fam. Code Ann. § 231.211(a). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.*

Williams asserts that she is a "party to whom the agency has provided services under this chapter" as that term is used in section 231.211(a), and we presume for the purposes of our analysis that she is. Section 231.211(a) provides that the "court" may not assess attorney's fees or court costs as authorized by law against several categories of individuals, including a "party to whom the agency has provided services under this chapter." *See* Tex. Fam. Code Ann. § 231.211(a). The term "court" as used in section 231.211(a) is defined to mean "the district court, juvenile court having the same jurisdiction as a district

---

1. If this appeal were not from an order in a Title IV–D case, Texas Family Code section 231.211(a) would not apply. *See* Tex. Fam. Code Ann. § 231.211(a).

court, or other court expressly given jurisdiction of a suit affecting the parent-child relationship." Tex. Fam. Code Ann. § 101.008 (West, Westlaw through 2015 R.S.). We presume for the purposes of our analysis that the Fourteenth Court of Appeals is a "court expressly given jurisdiction of a suit affecting the parent-child relationship," and is a "court" for the purposes of section 231.211(a).[2] *See* Tex. Fam. Code Ann. §§ 101.008, 231.211(a).

Section 231.211(a) applies to the assessment of attorney's fees and court costs "at the conclusion of a Title IV–D case." Under the plain language of this statute, this single conclusion occurs at the end of the trial court proceedings in a Title IV–D case. *See* Tex. Fam. Code Ann. § 231.211; *In re Naylor*, 160 S.W.3d 292, 295 (Tex. App.—Texarkana 2005, no pet.). To apply section 231.211(a) to an appeal would mean that there are two conclusions—an interpretation that would be contrary to the plain meaning of "at the conclusion." *See* Tex. Fam. Code Ann. § 231.211; *In re Naylor*, 160 S.W.3d at 295.

■ In the Texas judicial system, appellate courts do not make fact findings on the merits of claims, and trial courts award appellate attorney's fees conditionally in the trial court judgment, before the parties incur any appellate attorney's fees. *See A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 707 n.1 (Tex. 2007) (requiring that trial courts condition awards of appellate attorney's fees on an unsuccessful appeal by the party against whom the fees are awarded); *Varner v. Cardenas*, 218 S.W.3d 68, 69–70 (Tex. 2007) (declining invitation to change Texas law under which trial courts make conditional awards of

appellate attorney's fee in the trial court judgment before the parties incur any appellate fees) (per curiam); *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 62 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (concluding that courts of appeals cannot make findings of fact regarding the merits). If appellate courts were to apply section 231.211(a) to appeals, appellate courts would be making findings as to reasonable and necessary attorney's fees, and appellate courts would be awarding appellate attorney's fees after the fees already have been incurred, contrary to Texas law. *See* Tex. Fam. Code Ann. § 231.211(a) (stating "[s]uch fees and costs may not exceed reasonable and necessary costs as determined by the court"); *A.G. Edwards & Sons, Inc.*, 235 S.W.3d at 707 n.1; *Varner*, 218 S.W.3d at 69–70; *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 62. In context, that interpretation makes no sense.

■ In a civil appeal, unless otherwise required by law, this court assesses appellate court costs in favor of the prevailing party or in a different manner for good cause. *See* Tex. R. App. P. 43.4. Under the unambiguous text of the Family Code, section 231.211(a) does not apply to the assessment of costs by a court of appeals and thus does not exempt a "party to whom the agency has provided services under this chapter" from payment of appellate court costs. *See* Tex. Fam. Code Ann. § 231.211; *A.G. Edwards & Sons, Inc.*, 235 S.W.3d at 707 n.1; *Varner*, 218 S.W.3d at 69–70; *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 62; *In re Naylor*, 160 S.W.3d at 295; *but see Target Logistics, Inc. v. Office of Attorney General*, 465

---

2. The term "suit affecting the parent-child relationship" as used in the definition of "court," means "a suit filed as provided by this title in which the appointment of a managing conservator or a possessory conserva-

tor, access to or support of a child, or establishment or termination of the parent-child relationship is requested." Tex. Fam. Code Ann. § 101.032 (West, Westlaw through 2015 R.S.).

S.W.3d 768, 770 (Tex. App.—El Paso 2015, no pet.) (applying section 231.211(a) to the assessment of appellate costs); *In re J.D.D.*, No. 05–10–01488–CV, 2011 WL 5386370, at *4 (Tex. App.—Dallas Nov. 9, 2011, no pet.) (applying section 231.211(a) to the assessment of appellate costs against party to whom the Title IV–D agency had provided services); *In re Z.H.S.*, No. 13–08–00204–CV, 2009 WL 265274, at *1 (Tex. App.—Corpus Christi Feb. 5, 2009, no pet.) (same as *Target Logistics*).

Though three of our sister courts of appeals have concluded that section 231.211(a) applies to the assessment of appellate costs by a court of appeals, these courts have not analyzed the language of the statute. *See Target Logistics, Inc.*, 465 S.W.3d at 770 (concluding that section 231.211(a) precluded court of appeals from assessing appellate costs against the Office of the Attorney General acting as the Title IV–D agency); *In re J.D.D.*, 2011 WL 5386370, at *4 (concluding that under section 231.211(a), court of appeals could not assess appellate costs against party to whom the Title IV–D agency had provided services); *In re Z.H.S.*, 2009 WL 265274, at *1 (same as *Target Logistics*). We re-

spectfully decline to follow these courts in determining whether section 231.211(a) applies to the assessment of appellate costs. *See Target Logistics, Inc.*, 465 S.W.3d at 770; *In re J.D.D.*, 2011 WL 5386370, at *4; *In re Z.H.S.*, 2009 WL 265274, at *1.

We conclude that section 231.211(a) does not apply to the assessment of appellate costs and thus does not prevent this court from ordering Williams to pay appellate court costs. *See* Tex. Fam. Code Ann. § 231.211; *A.G. Edwards & Sons, Inc.*, 235 S.W.3d at 707 n.1; *Varner*, 218 S.W.3d at 69–70; *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 62; *In re Naylor*, 160 S.W.3d at 295.

**B. Does Family Code section 231.204 preclude assessment of costs against Williams?**

■ Under section 231.204, neither an appellate court nor an appellate-court clerk may charge certain "fees or other amounts otherwise imposed by law for services rendered in, or in connection with, a Title IV–D case" against "the Title IV–D agency or a private attorney or political subdivision that has entered into a contract to provide Title IV–D services."[3] Tex. Fam. Code Ann. § 231.204 (West, Westlaw

---

**3.** Texas Family Code section 231.204 provides in its entirety as follows:

Except as provided by this subchapter, an appellate court, a clerk of an appellate court, a district or county clerk, sheriff, constable, or other government officer or employee may not charge the Title IV–D agency or a private attorney or political subdivision that has entered into a contract to provide Title IV–D services any fees or other amounts otherwise imposed by law for services rendered in, or in connection with, a Title IV–D case, including:

(1) a fee payable to a district clerk for:
  (A) performing services related to the estates of deceased persons or minors;
  (B) certifying copies; or
  (C) comparing copies to originals;
(2) a court reporter fee, except as provided by Section 231.209;

(3) a judicial fund fee;
(4) a fee for a child support registry, enforcement office, or domestic relations office;
(5) a fee for alternative dispute resolution services;
(6) a filing fee or other costs payable to a clerk of an appellate court; and
(7) a statewide electronic filing system fund fee.

Tex. Fam. Code Ann. § 231.204 (West, Westlaw through 2015 R.S.). Under this statute, the *Target Logistics* court and the *Z.H.S.* court reached the correct conclusion—that the court of appeals could not properly assess appellate costs against the Office of the Attorney General acting as the Title IV–D agency. *See id.*; *Target Logistics, Inc.*, 465 S.W.3d at 770; *In re Z.H.S.*, 2009 WL 265274, at *1.

through 2015 R.S.). Though section 231.204 applies to appellate courts, the exemption provided under that statute does not apply to a "party to whom the agency has provided services under this chapter." *See id.* Williams is not the Title IV–D agency or a private attorney or political subdivision that has entered into a contract to provide Title IV–D services. Therefore, section 231.204 does not preclude this court from ordering Williams to pay appellate court costs. *See id.*

### III.   CONCLUSION

Neither section 231.211(a) nor section 231.204 bars this court from ordering Williams to pay costs. Concluding that we have the power and authority to order Williams to pay appellate court costs and that we did not err in doing so, we deny Williams's motion for rehearing.