PER CURIAM
Texas Family Code section 231.211(a) prohibits courts from assessing costs at the conclusion of a Title IV-D case against a party who was provided services by the Title IV-D agency. In this case, we are asked whether this prohibition applies to courts of appeals. We hold that it does.
Shana Williams, mother of C.Y.K.S., filed a suit affecting the parent-child relationship, which resulted in a determination that Christopher Spates was the child's father and an order that he pay child support. The Office of the Attorney General (OAG) filed a motion to enforce the child support order on Williams's behalf in 2008. However, the record indicates that Spates never received notice of that action. The OAG filed another motion to enforce the following year, resulting in an agreed order against Spates.
Spates later filed what the trial court determined to be, in substance, a petition to modify the child support order. After hearings, the trial court signed a final modification order that retroactively reduced Spates's child support obligation. Williams subsequently moved to void the modification order and to dismiss Spates's modification suit based on a procedural anomaly not pertinent to this appeal. The trial court granted Williams's motion. On Spates's appeal, the court of appeals reinstated the modification order and assessed court costs against Williams. 515 S.W.3d 531, 533-34 (Tex. App.-Houston [14th Dist.] 2017). The OAG moved for rehearing regarding the assessment of costs, arguing that Texas Family Code section 231.211(a)
*590 prohibits such an assessment. The court of appeals denied the motion, concluding that the prohibition did not apply to appellate courts. The OAG filed, and Williams joined, a petition for review in this Court raising the sole issue of whether appellate costs were properly assessed against Williams.
As a threshold matter, we must address whether the OAG had standing to file this petition challenging the assessment of appellate costs against another party. We hold that it did. As the state's Title IV-D agency, TEX. FAM. CODE § 231.001, the OAG has broad statutory standing to file "child support action[s]" in the course of providing chapter 231 services, id. § 102.007. Chapter 231 in turn authorizes the Title IV-D agency to provide, among other services, assistance with paternity determination and with the establishment, review, adjustment, and enforcement of child support orders. Id. § 231.101; see also id. § 101.006 (defining "child support services"). It is undisputed that the OAG had standing to litigate the underlying child support modification dispute. Moreover, section 109.002 provides that "[a]n appeal may be taken by any party to a suit from a final order rendered" in a child support action. Id. § 109.002(b). Though the Family Code does not separately identify court costs as a Title IV-D issue for the OAG to litigate, it is fairly understood as a continuation of the underlying child support action. See Ex parte Helms , 152 Tex. 480, 259 S.W.2d 184, 189 (1953) (holding that fees and costs from the proceeding were "incidental to and a part of" child support payments such that the longstanding child support exception to the prohibition of imprisonment for debts applies to fees and costs); Ex parte Binse , 932 S.W.2d 619, 621 (Tex. App.-Houston [14th Dist.] 1996, no writ) (same). Thus, the OAG's general statutory standing to file child support actions and the ability of any party to appeal a final child support order combine to provide the OAG with standing in the instant appeal. Where, as here, the issue of costs arises from a child support action in which the OAG had standing, it retains that standing to appeal the assessment of costs against a party to whom it provided chapter 231 services.
Accordingly, we turn to the substantive issue presented-the proper interpretation of Family Code section 231.211(a), which states:
At the conclusion of a Title IV-D case, the court may assess attorney's fees and all court costs as authorized by law against the nonprevailing party, except that the court may not assess those amounts against the Title IV-D agency or a private attorney or political subdivision that has entered into a contract under this chapter or any party to whom the agency has provided services under this chapter. Such fees and costs may not exceed reasonable and necessary costs as determined by the court.
TEX. FAM. CODE § 231.211(a) (emphasis added). The OAG argues that this provision bars the assessment of appellate costs against Williams because a Title IV-D case includes proceedings on appeal and because the OAG provided chapter 231 services to Williams.[1] The court of appeals reasoned, and Spates agrees, that the surrounding words in the provision preclude its application to appellate courts. See 515 S.W.3d at 534. Specifically, the court of appeals determined that the common meaning of the word "conclusion" requires that the provision apply only once in the *591 lifespan of a case.[2] Id. Citing the restriction in the final sentence-that any assessment of fees or costs may not exceed what the court deems "reasonable and necessary"-the court of appeals reasoned that a case's single conclusion must occur in the trial court because whether fees or costs are "reasonable and necessary" is a factual determination reserved for that court. Id. ; see also Garcia v. Gomez , 319 S.W.3d 638, 642 (Tex. 2010) ("Generally, the determination of reasonable attorney's fees is a question of fact ...."); compare TEX. R. CIV. P. 91a(7) (directing the trial court to consider evidence to determine reasonable and necessary fees), with TEX. R. APP. P. 43.4 (directing appellate courts to award costs without mention of reasonableness or evidentiary considerations). Therefore, the court concluded that the provision's prohibition of the assessment of fees and costs was not intended for appellate courts. 515 S.W.3d at 535.
The OAG responds that the court of appeals' interpretation defies the definition of a "Title IV-D case," which is "an action in which services are provided by the Title IV-D agency" relating to, among other things, the modification or enforcement of a child support obligation. TEX. FAM. CODE § 101.034.[3] That definition encompasses proceedings on appeal, as demonstrated by section 231.204's restriction on appellate courts' ability to charge the OAG fees "for services rendered in, or in connection with, a Title IV-D case." On that basis, the OAG argues that each stage of the proceedings is a separate "Title IV-D case" that concludes with the final judgment from that court. That is, the trial court proceedings constituted a "case" that concluded with the trial court's final judgment, and the court of appeals proceedings likewise constituted a distinct case that concluded with that court's final judgment. Thus, the OAG concludes, section 231.211(a)'s prohibition applies equally to trial and appellate proceedings.
We review questions of statutory interpretation de novo. F.F.P. Operating Partners, L.P. v. Duenez , 237 S.W.3d 680, 683 (Tex. 2007). Our aim in interpreting a statute is to ascertain and give effect to the Legislature's intent. City of San Antonio v. City of Boerne , 111 S.W.3d 22, 25 (Tex. 2003). We derive legislative intent from the statute as a whole rather than from isolated portions of it. Id. "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." Molinet v. Kimbrell , 356 S.W.3d 407, 411 (Tex. 2011).
We agree that section 231.211(a) applies to trial and appellate proceedings alike, though not for the reason asserted by the OAG. The word "conclusion," in its everyday sense, may well connote a singular occurrence, but the context here indicates a different intended meaning. The nature of a legal case is such that a court rarely knows with certainty, at the time it enters its judgment, whether there will be any future proceedings. If, in this provision, conclusion meant the one true and final end to all proceedings on a matter, a case would conclude only after all postjudgment motions and appeals had been exhausted-by which time the courts *592 would have missed the chance to assess fees and costs anyway. That definition would render section 231.211(a) meaningless in effect, in violation of a central canon of construction. See City of San Antonio , 111 S.W.3d at 29 (citing Spence v. Fenchler , 107 Tex. 443, 180 S.W. 597, 601 (1915) ).
Instead, as used in section 231.211(a), the word "conclusion" must refer to the end of proceedings at each stage of the case in a particular court. In other words, each stage of the case has its own conclusion, which, at that time, is the conclusion for the purposes of the court issuing judgment. See TEX. FAM. CODE § 231.211(a) ("At the conclusion of a Title IV-D case, ... the court may not assess [attorney's fees and costs] against the Title IV-D agency ...." (emphasis added) ). So, a trial court's entry of final judgment marks the conclusion of the case for that court at that time. However, if the case is appealed, it will continue in the court of appeals and duly reach a conclusion in that court upon entry of judgment. The same would be true for a court that is required to rule on a postjudgment motion or conduct proceedings on remand.
This interpretation of the provision comports with its clear intent to allow courts to assess fees and costs except against the OAG and certain other parties. Moreover, it reflects the Legislature's broader intent, evidenced elsewhere in the Code's text, to promote the OAG's wide-ranging involvement in Title IV-D litigation in part by reducing the associated costs. As noted, the OAG, as the Title IV-D agency, has general statutory authority to "initiate legal actions needed to implement [chapter 231]," id. § 231.002(a)(3), which details the agency's many diverse Title IV-D powers and duties, see id. § 231.101; see also id. § 102.007 (authorizing the Title IV-D agency to file a child support action "[i]n providing services authorized by Chapter 231"). And several provisions in chapter 231 expressly limit the fees and costs that the OAG may incur in the course of Title IV-D litigation. Id. §§ 231.202, .204, .211(a). To read section 231.211(a) to apply only to trial courts would disserve that broader intent; the specter of saddling the agency or impoverished parents with court costs could only discourage the OAG from filing appeals.
Therefore, we hold that the OAG has statutory standing to bring this appeal and that section 231.211(a)'s prohibition of the assessment of fees and costs applies to both trial courts and appellate courts. This interpretation properly accounts for the text of the individual provision within the context of the statute as a whole, as our rules of construction require. Accordingly, we grant the Office of the Attorney General's petition for review and, without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the portion of the court of appeals' judgment assessing costs against Williams and render judgment in favor of Williams on this sole issue.

The court of appeals assumed that the case before it was a Title IV-D case, that the OAG provided chapter 231 services to Williams, and that the court of appeals was a "court" under section 231.211(a). 515 S.W.3d at 533-34. Neither party disputes these assumptions.

Conclusion means the "last part of anything." Webster's Third New International Dictionary (1961).

While the Code does not define an "action," we have equated its use in section 101.034 with the word "suit." Office of Att'y Gen. v. C.W.H. , 531 S.W.3d 178, 183 (Tex. 2017) ; see also Jaster v. Comet II Constr., Inc. , 438 S.W.3d 556, 563 (Tex. 2014) (plurality op.) ("The term action refers to an entire lawsuit or cause or proceeding ....").