

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-20-00266-CV

## IN RE ABELARDO AND ELIDA TORRES

_____

## Original Proceeding

From the County Court at Law
Bosque County, Texas
Trial Court No. CV 18090

## OPINION

Abelardo and Elida Torres filed a petition for a writ of mandamus in this Court after the trial court denied their "Plea to the Jurisdiction, Motion to Strike Petition in Intervention, and Motion to Dismiss." The motion was filed in response to a petition in intervention filed by the Speedys, who are the former foster parents of two children, D.T. and A.T.  The Torreses are the paternal grandparents and are the temporary managing conservators of D.T. and A.T. After a hearing on the motion, the trial court denied the

Torreses' motion and granted the Speedys leave to intervene in the proceeding. Because we find that the trial court erred by denying the Torreses' motion and granting leave to intervene because the Speedys did not have standing, we conditionally grant the writ.

**BACKGROUND**

The Department of Family and Protective Services removed D.T. and A.T. from their mother in April of 2018. The children were placed with the Speedys in foster care. In September of 2018, the Torreses filed a petition in intervention, and the trial court granted them leave to intervene in the proceedings. In February of 2019, the trial court entered a temporary order that named the mother the sole managing conservator of the children and named the father and the Torreses possessory conservators. The children were returned to their mother in February of 2019 and the Department was dismissed as a party to the proceedings. The children resided with the Speedys for approximately ten and a half months until they were returned to their mother.

The mother and children moved to Oklahoma and during the months between February and December of 2019, the Speedys were able to visit with the children via phone and video calls and according to Sam Speedy's testimony at the hearing on the motion to strike, the Speedys had possession of the children at their residence for 14 days in July and 7 days in November of 2019 as well as several weekend visits where the Speedys would travel to Oklahoma to visit with the children.

The record from the hearing is not clear as to what happened in December of 2019 except for Sam Speedy's testimony that the mother had "fled with the children" on December 6, 2019. A hearing was conducted on December 11 and 17 to modify the temporary orders at the request of the Torreses, and the Torreses were named the temporary managing conservators of the children and the mother and father were named possessory conservators.

The Speedys filed their petition in intervention after the conclusion of the temporary orders hearing on December 17, 2019. In their pleadings, they asserted standing pursuant to Section 102.003(a)(9) of the Family Code. The hearing on the motion to strike was conducted on September 28, 2020. After taking the matter under advisement, the trial court signed an order that denied the motion to strike and granted the Speedys leave to intervene in this proceeding. This order is the basis for the mandamus petition filed in this proceeding.

The Torreses complain that the trial court abused its discretion by denying the motion to strike the Speedys's petition in intervention because the Speedys did not prove that they had standing to intervene. They contend that the Speedys were not able to claim standing pursuant to Section 102.003(a)(9) by including the months they were the foster parents of the children but were required to prove standing pursuant to Section 102.003(a)(12).

## STANDARD OF REVIEW

"A writ of mandamus will issue if a trial court abuses its discretion and no adequate remedy by appeal exists." *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding). In determining whether to grant mandamus relief, we defer to the trial court's factual determinations supported by the record. *See Id.* However, we may grant mandamus relief if the trial court "fails to correctly analyze or apply the law." *Id.* (internal citations omitted). In this proceeding, we are required to consider the proper application of two subsections of the Texas Family Code relating to standing of former foster parents. We review questions of statutory interpretation *de novo*. *In re C.Y.K.S.*, 549 S.W.3d 588, 591 (Tex. 2018). "Our aim in interpreting a statute is to ascertain and give effect to the Legislature's intent." *In re C.Y.K.S.*, 549 S.W.3d at 591.

## STANDING TO INTERVENE

Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintain suit. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). In assessing standing, the merits of the underlying claims are not at issue. *See In re H.S.*, 550 S.W.3d at 155 ("Here, the merits of Grandparents' claims—that is, whether they should be appointed Heather's managing conservators with the right to designate her primary residence—have not yet been considered by any court and are not before us.").

The party asserting standing bears the burden of proving that issue. *In re A.D.T.*, 588 S.W.3d 312, 316 (Tex. App.—Amarillo 2019, no pet.); *In re S.M.D.*, 329 S.W.3d 8, 13

(Tex. App.—San Antonio 2010, pet. dism'd). In assessing standing, a reviewing court should look to the pleadings but may consider relevant evidence of jurisdictional facts when necessary to resolve the jurisdictional issues raised. *In re H.S.*, 550 S.W.3d at 155. Standing is a question of law that the court reviews *de novo*. *Id*. If a party does not have standing, the court is deprived of subject matter jurisdiction, and the merits of the party's claims cannot be litigated or decided. *In re H.S.*, 550 S.W.3d at 155. However, if the evidence creates a question of fact on standing, then the matter will be resolved by the fact finder. *In re Shifflet*, 462 S.W.3d 528, 538 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding).

Standing in a suit affecting the parent-child relationship ("SAPCR") is governed by the Family Code. *See In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied). A party seeking relief in a SAPCR must allege and establish standing within the parameters of the language used in the relevant statute. *See In re Tinker*, 549 S.W.3d 747, 751 (Tex. App.—Waco 2017, orig. proceeding). "Because standing to bring a SAPCR is governed by statute, we apply statutory-interpretation principles in determining whether a plaintiff falls within the category of persons upon whom such standing has been conferred." *In re H.S.*, 550 S.W.3d at 155.

Here, the Speedys assert that they have standing to seek conservatorship of the children pursuant to § 102.003(a)(9) of the Texas Family Code. *See* TEX. FAM. CODE ANN. §102.003(a)(9). Section 102.003, entitled "General Standing to File Suit," provides that an

original suit may be filed at any time by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. §102.003(a)(9). They argue that this section applies to them in this proceeding because they were not foster parents at the time of the filing of their petition for intervention. The Torreses argue that the Speedys were required to establish standing pursuant to Section 102.003(a)(12), which states that an original suit may be filed at any time by "a person who is the foster parent of a child placed by the Department of Family and Protective Services in the person's home for at least 12 months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. §102.003(a)(12). The Torreses contend that the Speedys did not establish that they have standing because they were the foster parents of the children for the majority of the time that they had "actual care, control, or possession" of the children, regardless of their status at the time of the filing of their petition in intervention. The Torreses further argue that the Speedys were not entitled to rely on Section 102.003(a)(9) because they did not establish that they had "actual care, control, or possession" of the children for six months if the time the Speedys were the children's foster parents is not counted.

In computing the time necessary for standing under either section, the "court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the

suit." TEX. FAM. CODE ANN. §102.003(b). For purposes of establishing standing pursuant to Section 102.003(a)(9), this language has been held to exclude nonparents who do not share a principal residence with a child for the statutory time period, "regardless of how extensively they participate in caring for [the child]." *In re H.S.*, 550 S.W.3d at 156. A nonparent other than a foster parent has standing under §102.003(a)(9)'s language requiring "actual care, control, and possession of the child" if, for the requisite six-month time period, the nonparent served in a parent-like role by (1) sharing a principal residence with the child, (2) providing for the child's daily physical and psychological needs, and (3) exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children. *Id*. at 160. We believe that the same standard would apply to Section 102.003(a)(12), because while an individual is a child's foster parent, they generally would be in a parent-like role and meet the three standards as listed above but for twelve months, rather than six.

We examine the pleadings and relevant evidence of jurisdictional facts to determine the Speedys's standing. *See In re H.S.*, 550 S.W.3d at 155. In their pleadings, the Speedys asserted that they had actual care, control, and possession of the children for at least six months ending not more than 90 days preceding the date of the filing of the petition. At the hearing, Sam Speedy attempted to prove this to be true. TEX. FAM. CODE ANN. § 102.003(b). Sam testified that they had two visits in their home with the children that totaled 21 days, the last of which occurred less than a month prior to the filing of

their petition in intervention. In their response to the petition filed in this proceeding, the Speedys argue that these visits should count as periods of "actual care, control, or possession" of the children for purposes of establishing that their "actual care, control, or possession" of the children ended within 90 days of the filing of their petition in intervention and as part of the six months required to establish standing.

The Speedys have provided no authority to support their position that the ten months that they were indisputably the foster parents of the children should count as part of the six-month requirement for them to establish standing but should not require them to meet the twelve-month requirement for foster parents because of their status at the time of the filing of their petition in intervention. We disagree. When the time relied on by a party to establish "actual care, control, or possession" of children includes time as a foster parent, we find that the party must establish standing pursuant to Section 102.003(a)(12). To hold otherwise would invalidate the language in Section 102.003(a)(9) that specifically excludes a foster parent. *See* TEX. FAM. CODE ANN. §102.003(a)(9) ("a party, *other than a foster parent*…")(emphasis added). The status held by a party at the time of the filing of their pleading is not determinative for purposes of establishing standing. To hold otherwise would give any foster parent who had children in their home for more than six but less than twelve months from whom children were removed the ability to file a petition in intervention solely because they were no longer the foster parents.

Therefore, we hold that the Speedys were required to either establish that they had

"actual care, control, or possession" of the children for six months exclusive of their time as foster parents pursuant to Section 102.003(a)(9) or that they had "actual care, control, or possession" of the children for twelve months including the time they were foster parents pursuant to Section 102.003(a)(12). The Speedys did not meet either standard, even when we give deference to the trial court's findings of fact. They were foster parents of the children for approximately 10.5 months, and had very limited visitation afterward, which by their own admission in their response to the petition in this proceeding, was only 11.34 months. Thus, they did not meet the twelve-month requirement of Section 102.003(a)(12). Outside of the 313 days the Speedys were the foster parents of the children, their response to the petition in this proceeding lists an additional 32 days in which they contend they had "actual care, control, or possession" of the children, which does not meet the six-month requirement of Section 102.003(a)(9).[1]

Because the Speedys did not meet their burden to establish that they had standing to intervene in this proceeding, the trial court abused its discretion by denying the Torreses' plea to the jurisdiction, motion to strike, and motion to dismiss. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its "Order Denying Intervenor Torres' Plea to the Jurisdiction" signed on September 28, 2020 and to enter an order granting the Torreses' Plea to the Jurisdiction

---

[1] Some of the days listed in the Speedys's response are not supported by the record; however, those discrepancies are not material to our analysis or holding.

and dismissing the Petition in Intervention filed by Patrick and Cindy Speedy within twenty-one days from the date of this opinion. We are confident the trial court will comply; our writ will issue only if it fails to do so.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Petition granted
Opinion delivered and filed December 30, 2020
[CV06]

